[No. 19129.   Department Two.   September 1, 1925.]

## S. N. ROBERTS, *Respondent,* v. F. W. ANDERSON *et al., Appellants.*[1]

ACTIONS  (29)— PREMATURE  COMMENCEMENT — EFFECT  OF  NON-ESSENTIAL ASSIGNMENT.  An action to recover money paid, on plaintiff's rescission of a contract to purchase property, is not shown to have been prematurely commenced by his offering in evidence an assignment of the cause of action, dated after the action was commenced, where the assignment was from his mother, in whose name the contract had been taken for his use, and showed on its face that it was his own money and not essential to his cause of action.

APPEAL  (454)—REVIEW — HARMLESS  ERROR — FACTS  OTHERWISE ESTABLISHED.  Error can not be based on the erroneous admission of evidence, in a cause tried to the court, where the judgment is sustained by other evidence.

[1]Reported in 238 Pac. 989.

VENDOR AND PURCHASER (61-1)—RESCISSION BY PURCHASER—
FAILURE TO DELIVER POSSESSION. Where delivery of possession was
a moving consideration for the purchase of real estate, failure to
deliver at the time agreed upon and for an indefinite period after
demand, is ground for rescission of the contract.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered September 6,
1924, upon findings in favor of the plaintiff, in an ac-
tion for rescission, tried to the court. Affirmed.

*Hurn & Hurn* and *J. Webster Hancox,* for appel-
lants.

*Neil C. Bardsley,* for respondent.

FULLERTON, J.—On August 19, 1922, the respondent,
Roberts, entered into a contract with the appellants,
Anderson, acting by and through the appellant F. W.
Anderson, by the terms of which the appellants agreed
to sell to him certain real property, situated in the city
of Spokane. A writing evidencing the terms and con-
ditions of the contract was entered into at that time
and reads as follows:

"August 19, 1922.

"Received of Mary L. Sawyer $500 as earnest money
on property described as Lots fifteen (15) and sixteen
(16) in Block fourteen (14), Southside Cable Addition,
City of Spokane, being further known as West 446
Eighteenth Avenue, for a consideration of $7,500, pay-
able $2,500 cash as soon as title can be approved and
assuming a certain mortgage now of record with in-
terest paid up to date of possession, nominally Sep-
tember first.

"It is further agreed that Mr. F. W. Anderson and
Company will loan $500 on a second mortgage on said
property for ninety days at 8%.

"This transaction is to be through the Arthur D.
Jones Company's office with the usual brokerage to
be paid by the F. W. Anderson Mortgage & Invest-
ment Company.

"Any personal effects which belong to the company selling the property will be included in the deal free of charge.

"Unused insurance premium is to be paid for by purchaser, 1921 taxes to be paid in full, and any and all assessments now against the property.

"F. W. Anderson
"S. N. Roberts."

The respondent made the payment of $500, mentioned in the contract as received from Mary L. Sawyer, but the record discloses that he was the real party in interest; it being explained that he intended to take the deed in the name of Mrs. Sawyer, who was his mother. The property, at the time of the contract, was in the possession of a third person, but it was contemplated by the vendors that delivery of the possession could be made to the purchaser by August 24, following the date of the contract. Delivery of possession was not made at that time, nor at the date named in the contract, and it appears that there was then no certainty as to the time the party in possession could be induced to surrender possession. On September 9, 1922, after repeated demands for possession, the respondent gave notice of a rescission of the contract, and demanded a return of the money paid. The appellants refused to recognize his right to rescind, and refused to return the money, whereupon the respondent brought the present action to recover the money. The cause was tried by the court sitting without a jury, and was determined in favor of the respondent.

The court found:

"IV. That the question of possession was a vital question relating to said transaction; that possession was to be given between the 24th day of August, 1922, and September 1st, 1922; that the plaintiff at all times insisted upon possession by September first, 1922, and continuously attempted to obtain possession up and

to the 9th day of September, 1922, at which time he became disgusted and demanded a return of his money because possession had not been given.

"V.  That the defendant failed to comply with the terms of his agreement in that he failed to deliver to the plaintiff the possession of said property as agreed upon; failed to deliver an abstract of title showing the property was clear of encumbrance, excepting a $5,000 mortgage due three years after date, and a title that was approved by the plaintiff."

The appellants' first contention is that the action was prematurely brought. This contention is founded on the fact that the action was instituted on October 1, 1922, and the further fact that the respondent introduced as part of his case an assignment from his mother, dated January 2, 1923, in which she purports to assign to him all of her interest in the money for which the action is brought; the argument being that the respondent did not have such an interest in the money advanced as would entitle him to maintain the action at the time it was instituted. But the assignment itself recites, and the evidence makes it clear, that the money was the money of the respondent, and clearly he was entitled to sue for its recovery without the formality of an assignment from his mother. The assignment, therefore, while additional assurance to the appellants against a second action for the same cause of action, was not an essential part of the respondent's case.

The further objection is that the court permitted the introduction of evidence tending to vary the terms of the written instrument. It is possible that the court went farther in this respect than the rule invoked warranted, and it may be that its judgment is unwarranted in so far as it is made to rest on the failure of the appellants to furnish the respondent with an abstract of title to the property. This, however, since the court

was itself the trier of the fact, is not a circumstance requiring reversal if there is a valid ground upon which the judgment can rest.   We think there is such a ground in the failure to deliver possession of the property in accordance with the terms of the contract.   The finding in this regard is supported by the evidence. The respondent was purchasing the property for a home, and the fact that possession was promised him at an early date was the moving consideration which induced him to enter into the contract.   He was not obligated to wait an indefinite period for possession beyond the time appointed, and it is our opinion that he cannot be said to be in fault because he acted after a delay of nine days only.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.